UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INTEGRITY COMMISSION OF TRINIDAD AND TOBAGO, a Public Authority, | Case No. 14-mc-80229-WHO |
| Applicant, | **ORDER GRANTING APPLICATION FOR SUBPOENA** |
| v. | |
| GOOGLE INC., | Re:  Dkt. No. 1 |
| Respondent. | |

On August 11, 2014, The Integrity Commission of Trinidad and Tobago ("the Commission") requested the Court's assistance, under 28 U.S.C. § 1782, in issuing a subpoena to Google Inc.  The subpoena seeks information for the email accounts "anand@gmail.com," "anand@tstt.net.tt," and "kamlapb1@gmail.com," which the Commission represents is relevant to a criminal investigation into possible governmental corruption.  Because the application meets both the statutory requirements and discretionary factors I must consider in deciding whether to grant it, the application is GRANTED.

## FACTUAL BACKGROUND

The Commission has not submitted a declaration establishing the facts that are allegedly the basis for the application.  Regardless, the application asserts the following facts:

The Commission is an independent organization established under the Constitution of Trinidad and Tobago and is tasked with monitoring public officials.  The Commission has compulsory investigative authority and may refer potential misconduct for prosecution.

On May 20, 2013, Dr. Keith Rowley, the opposition leader in the Parliament of Trinidad and Tobago, presented a series of emails from September 2012 to the Parliament that he alleged

United States District Court
Northern District of California

implicated Prime Minister Kamla Persad Bissesar, Attorney General Anand Ramlogan, Local Government Minister Suruj Rambachan, and security advisor Gary Griffith with (i) a conspiracy against the Director of Public Prosecutions, the media, and the judiciary; (ii) the payment of money in return for the freedom of an unnamed person; and (iii) a cover-up of these activities. The emails come from the following accounts:  anan@gmail.com[1]; anand@tstt.net.tt; surujrambachan@hotmail.com; captaingarygriffith@hotmail.com; and kamlapb1@gmail.com.

Rowley claims that these emails were produced by an unnamed whistleblower and presented them in hardcopy format.  The emails appear to have been copied and pasted into a word processing program, not printed directly from an online email program.  Rowley called for an investigation into the information revealed in the emails, and the police and the Commission have, separately, been pursuing an investigation into the emails.

Bissessar has not confirmed that any of the email addresses belongs to her.

Ramlogan denies that he has a Gmail account, but has consented to search of his email account at anand@tstt.net.tt, which is controlled by Google.  The Commission has requested the information from Google, but has not received anything yet.

Rambachan and Griffith have confirmed that the Hotmail accounts belong to them and have authorized Microsoft to release information to the Commission.

## DISCUSSION

Section 1782(a) of Title 28 of the United States Code provides:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The statute therefore authorizes a court to compel testimony or production by (i) a "person" within the court's district (ii) upon application by "any interested person" (iii) where the information is

---

[1] Google has confirmed that this address does not exist.  The Commission believes that the email address may have been a copying error and has asked Google to preserve information related to anand@gmail.com, which Google has agreed to do if there is such an account.

United States District Court
Northern District of California

sought in connection with "a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."

These statutory requirements are met here.  Google resides and is found in the Northern District of California.  Mot. 7.  The Commission is an "interested person" because it "possesses a reasonable interest in obtaining judicial assistance."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (brackets omitted).  And the Commission seeks the information for a "criminal investigation[ ] conducted before formal accusation."  28 U.S.C. § 1782(a).

Even if these statutory requirements are met, a court has "broad discretion" to deny an application and may consider the following factors in exercising that discretion:  (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (iv) whether the request is "unduly intrusive or burdensome."  *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citations omitted).

I conclude that the discretionary factors weigh in favor of granting the application.  First, Google is not a participant in the foreign proceeding and thus "may be outside the foreign tribunal's jurisdictional reach; hence, [its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Intel Corp.*, 542 U.S. at 24.  Second, "the record is silent one way or the other about the reciprocity of the foreign government to judicial assistance here," so "the factor is neutral."  *In Matter of Application of Action & Prot. Found. Daniel Bodnar*, No. 14-cv-80076, 2014 WL 2795832, at * (N.D. Cal. June 19, 2014) (Beeler, J.).  Third, there is no evidence that the request is an attempt to circumvent foreign proof-gathering restrictions or any country's policies.  Fourth, the request does not appear "unduly intrusive or burdensome"—it seeks information concerning three email accounts and an affidavit to authenticate certain emails, and one of the account owners has consent to giving Google access to his account(s).[2]

---

[2] This finding does not prejudice any argument Google may make to the contrary.

**CONCLUSION**

Because the statutory requirements of 28 U.S.C. § 1782 are met and discretionary factors weigh in favor of granting the application, I ORDER that the subpoena attached as Exhibit 5 to the application be issued by the Clerk of the Court.

The Commission shall serve Google with this Order and the subpoena, and shall file proof of service on the day service is effected. Google may move to modify or quash this subpoena within 14 days of service. Any return date for the subpoena shall be at least 14 days after the date Google is served so that Google may have a reasonable amount to file any motion; the return date shall be stayed if such a motion is filed. The Commission shall file any response within 14 days of any motion by Google.

**IT IS SO ORDERED.**

Dated: August 14, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California